IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURIE SURRYHNE,

               Plaintiff,

     v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

               Defendant.

No. 1:11-cv-00983-HZ

ORDER

Tim D. Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137

        Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR  97201-2902

Mary F. Lin
Social Security Administration
1301 Young Street, Suite A702
Dallas, TX 75202

1 - OPINION & ORDER

Thomas M. Elsberry
Willy M. Le
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Laurie Surryhne brought this action seeking review of the Commissioner's decision to deny her application for disability benefits. On July 17, 2012, based upon the stipulation of the parties, I ordered that the case be reversed and remanded for additional proceedings. Judgment was entered that same day.

      Upon remand, the ALJ held another hearing and issued a decision completely favorable to Plaintiff. On August 9, 2014, Plaintiff received a letter awarding her disability benefits beginning April 2003. Pl.'s Mot. §406(b) Fees Ex. 1 at 1. Plaintiff received $189,331.32 in past benefits through July 2014. Id. at 2.

      Plaintiff's counsel now seeks an award of fees pursuant to 42 U.S.C. § 406(b). Defendant has no objection to the request. Plaintiff's counsel seeks $54,500 in attorney fees, which he states is 21.83% of the retroactive benefits of $249,673.92. Pl.'s Mot. §406(b) Fees, 1, 8. Plaintiff's counsel is incorrect regarding the amount of retroactive benefits. According to the award letter, Plaintiff received $189,331.32 in retroactive benefits, not $249,673.92. Pl.'s Mot. §406(b) Fees Ex. 1 at 2. The fee agreement between Plaintiff and her counsel allows fees of 25% of the past due benefits. Id. at 8. Twenty-five percent of the retroactive benefit award is $47,332.83.

      I have reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and

2 - OPINION & ORDER

services. Applying the standards set by <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796 (2002), I find that $47,332.83 is a reasonable fee award.

    I grant the motion [25] and award Plaintiff's counsel $47,332.83 in attorney fees under 42 U.S.C. § 406(b). Previously, Plaintiff's counsel was awarded fees in the amounts of $4,080.78 and $5,500 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. When issuing the section 406(b) check for payment to Plaintiff's counsel, the Commissioner is directed to subtract the amounts previously awarded under EAJA and send Plaintiff's attorney the balance of $37,752.05, less any applicable processing fees as allowed by statute.

    IT IS SO ORDERED.

Dated this \_\_7\_\_ day of November, 2014.

                                         /s/ Marco Hernández
                                         MARCO A. HERNÁNDEZ
                                         United States District Judge

3 - OPINION & ORDER